## Pratt *versus* Campbell.

In the case of a *scire facias* on a claim filed under a contract to deliver $1600 worth of lumber for use in the construction of several houses, most of which was delivered and payments made on account, but the material-men refused to deliver more, no reason therefor being then assigned or proved; it was *Held* that in determining whether any debt was to exist until the whole lumber was delivered, or whether the delivery of each parcel of lumber constituted a debt, the jury might consider the payments made as evidence from which to determine the understanding of the parties.

ERROR to the District Court of *Philadelphia*.

These were three cases of *scire facias* issued on claims filed against three adjoining houses on Vine street, for lumber furnished for their erection. There was an apportionment to each of the houses. The pleas were *non assumpsit*, set-off, and payment with leave, &c.

The plaintiffs were Campbell & Pharo *v.* Furness, builder, and Pratt, owner.

In the spring of 1850, Furness contracted with Pratt to build

[Pratt v. Campbell.]

three houses for the latter on Vine street; and at the same time Furness was building four houses for himself. After the commencement of the building, Pharo wished some additional security for the payment of the lumber which was to be put into the houses. Pratt agreed to give it, and Campbell & Pharo agreed to furnish lumber to the amount of $1600 for the seven houses, that being the amount of lumber supposed to be necessary for the completion of the houses. Afterwards, viz., on 29th May, 1850, Furness conveyed to Pharo a lot on Coates street, as security for the lumber. Campbell & Pharo did not furnish the whole amount of lumber, but, in the summer of 1850, Pharo refused to furnish any more than already furnished, but did not then assign any reason for the refusal; and shingles were obtained from another firm.

On part of the *defendants*, two receipts of the plaintiffs were given in evidence, one on March 22, 1850, for $77.41, "on account of lumber to be furnished when wanted;" and another on June 1, 1850, for $100, "on account."

The defendants' counsel asked the Court to charge that, if the jury believe that a contract was made between plaintiffs and defendants, whereby the plaintiffs agreed to furnish lumber to the amount of $1600, and that they failed fully to perform their contract, without default on the part of the defendants, the plaintiffs cannot recover anything upon their claims.

The judge affirmed the point, but referred it to the jury to decide whether the contract was to that effect or not; and instructed them that they might find from the evidence whether the understanding of the parties was that the lumber should be paid for as delivered, or that the delivery of the whole should be a condition precedent to the right to be paid for any part of it. He observed that the question was, whether the delivery of each parcel of the lumber created a debt, although a liability for damages existed in case the rest was not delivered; or whether the understanding was that there should be no debt until the whole was delivered; that the receipts were evidence which the jury might consider in determining the understanding of the parties; and that if the money, when paid, was due under the contract, it went to rebut the position of defendants, that nothing was to be due till the whole of the lumber was delivered.

Verdict was rendered in each case for the plaintiffs, for the full amount claimed.

Error was assigned to the charge that the receipts might be considered in determining whether the contract was entire or not.

*Scott* and *Thompson*, for plaintiff in error.

*Cuyler*, contrà.

[*Pratt v. Campbell.*]

The opinion of the Court was delivered by

LOWRIE, J.—Here was a verbal agreement that $1600 worth of lumber was to be furnished for the erection of several houses; and, as only a part of it was furnished, defence is taken against the lien.

This raises the question, was the contract so incompletely performed that there can be no recovery on it? Or more definitely, did the parties mean·that the right to payment should depend upon full performance? It is not probable, in a purchase of lumber, where each load delivered is of use by itself, that such was their understanding. The Court admitted evidence of payments made on account of what was delivered, as indicating that the contract was not so understood by the parties, and this is thought to be error, but it is not. It is some evidence that the parties construed their contract differently from.what is contended for here, and it is right to take their construction. And we are not certain that we should have construed it differently without this evidence.

Judgment affirmed.